2011R01142/BLU

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 13- 441 (JLL) |
| v. | : | 18 U.S.C. § 1956 |
| JONG H. PARK | : | HON. |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

From at least in or about January 2010 through in or about June 2012, in Bergen County, in the District of New Jersey, and elsewhere, defendant

JONG H. PARK,

knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and to avoid transaction reporting requirements under federal law, conspired with Jung Y. Choi and others to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, specifically the transfer, delivery, and other disposition of United States currency, involving the proceeds of specified unlawful activity, namely the

distribution fo controlled substances, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii).

In violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

2. The United States hereby gives notice to the defendant charged in this Information that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to:

(a) real property identified as 522 Closter Dock Road, Closter, New Jersey;

(b) approximately $200,000 in U.S. currency seized from Jung Y. Choi on or about May 10, 2012;

(c) approximately $13,000 in U.S. currency seized from Jong H. Park on or about July 10, 2012; and

(d) approximately $100,000 in U.S. currency as the proceeds or profits of the offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

*Paul J. Fishman*
Paul J. Fishman
United States Attorney

CASE NUMBER: _____

# United States District Court
## District of New Jersey

| UNITED STATES OF AMERICA |
| --- |
| v. |
| JONG H. PARK |

## INFORMATION FOR

18 U.S.C. § 1956

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

BRIAN L. URBANO
ASSISTANT U.S. ATTORNEY
973-297-2078