



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*                              *973-645-2700*

BLU/PL AGR
2011R01142

March 14, 2013

Joseph R. Donahue
Brickfield & Donahue
70 Grand Avenue, Suite 100
River Edge, NJ 07661

Re:   <u>Plea Agreement with Jong H. Park</u>

Dear Mr. Donahue:

This letter sets forth the plea agreement between your client, Jong H. Park, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jong H. Park to a one-count information, which charges a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). If Jong H. Park enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jong H. Park for laundering of proceeds from unlawful activity from in or about January 2010 through in or about June 2012. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jong H. Park may be commenced against him, notwithstanding the expiration of the limitations period after Jong H. Park signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1956(h) to which Jong H. Park agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of:  (1) $500,000 or (2) twice the gross profits or

other proceeds to Jong H. Park. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jong H. Park is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jong H. Park ultimately will receive.

Further, in addition to imposing any other penalty on Jong H. Park, the sentencing judge: (1) will order Jong H. Park to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jong H. Park to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order forfeiture, pursuant to 18 U.S.C. § 982; (4) may deny Jong H. Park certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 18 U.S.C. § 3583, must require Jong H. Park to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Jong H. Park be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jong H. Park may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jong H. Park by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jong H. Park's activities and relevant conduct with respect to this case.

Stipulations

This Office and Jong H. Park agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jong H. Park from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jong H. Park waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Jong H. Park agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982 Jong H. Park will forfeit to the United States: (a) approximately $200,000 in United States currency seized on or about May 10, 2012; (b) $13,000 in United States currency seized on or about July 10, 2012; and (c) any and all title, rights, and interest in the real property and appertenances, improvements, fixtures, attachments, and easements known as 522 Closter Dock Road, Closter, New Jersey (collectively the "Forfeitable Property"). Jong H. Park will also consent to the entry of a forfeiture money judgment in the

- 3 -

amount of $100,000 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the Forfeiture Money Judgment and the Forfeitable Property are subject to forfeiture as property, real or personal, that was involved in an offense in violation of 18 U.S.C. § 1956(h), or that was traceable to such property, or as substitute assets pursuant to 21 U.S.C. § 853(p).

If the Forfeiture Money Judgment is not paid on or before the date Jong H. Park enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Jong H. Park fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Jong H. Park consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Jong H. Park represents that he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. Jong H. Park agrees that if the government determines that Jong H. Park has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Jong H. Park consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Jong H. Park knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Jong H. Park further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Jong H. Park further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Jong H. Park consents to the entry of orders of forfeiture for the Forfeitable Property and the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Jong H. Park understands that the forfeiture of

- 4 -

the Forfeitable Property and entry of the Forfeiture Money
Judgment is part of the sentence that may be imposed in this case
and waives any failure by the court to advise him of this
pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal
Procedure at the guilty plea proceeding.

Jong H. Park hereby waives any and all claims that this
forfeiture constitutes an excessive fine and agrees that this
forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The defendant understands that, if he is not a citizen
of the United States, his guilty plea to the charged offense(s)
will likely result in his being subject to immigration
proceedings and removed from the United States by making him
deportable, excludable, or inadmissible, or ending his
naturalization.  The defendant understands that the immigration
consequences of this plea will be imposed in a separate
proceeding before the immigration authorities.  The defendant
wants and agrees to plead guilty to the charged offense(s)
regardless of any immigration consequences of this plea, even if
this plea will cause his removal from the United States.  The
defendant understands that he is bound by his guilty plea
regardless of any immigration consequences of the plea.
Accordingly, the defendant waives any and all challenges to his
guilty plea and to his sentence based on any immigration
consequences, and agrees not to seek to withdraw his guilty plea,
or to file a direct appeal or any kind of collateral attack
challenging his guilty plea, conviction, or sentence, based on
any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States
Attorney's Office for the District of New Jersey and cannot bind
other federal, state, or local authorities.  However, this Office
will bring this agreement to the attention of other prosecuting
offices, if requested to do so.

This agreement was reached without regard to any civil
or administrative matters that may be pending or commenced in the
future against Jong H. Park.  This agreement does not prohibit
the United States, any agency thereof (including the Internal
Revenue Service, Immigration and Customs Enforcement, or any
third party from initiating or prosecuting any civil or
administrative proceeding against Jong H. Park.

- 5 -

<u>No Other Promises</u>

        This agreement constitutes the plea agreement between
Jong H. Park and this Office and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

                              Very truly yours,

                              PAUL J. FISHMAN
                              United States Attorney


                              By: Brian Urbano
                              Assistant U.S. Attorney

APPROVED:


Unit Chief, OCDETF/Narcotics Division

- 6 -

I have received this letter from my attorney, Joseph R. Donahue, Esq. It has been translated for me into Korean. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Jong H. Park                                   Date: 4/5/13

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Joseph R. Donahue, Esq.                        Date: 4/5/13

- 7 -

## Plea Agreement With Jong H. Park

### Schedule A

1.    This Office and Jong H. Park recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Jong H. Park nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jong H. Park within the Guidelines range that results from the total Guidelines offense level set forth below.   This Office and Jong H. Park further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.   The applicable guideline is U.S.S.G. § 2S1.1(a)(2).   This guideline carries a Base Offense Level of 8.

3.    The offense involved the laundering of at least $1 million.   This results in an increase of 16 levels.   See U.S.S.G. § 2B1.1(b)(1)(I).

4.    Specific Offense Characteristic 2S1.1(b)(1) applies.   This Specific Offense Characteristic results in an increase of 6 levels.

5.    Specific Offense Characteristic 2S1.1(b)(2)(C) applies.   This Specific Offense Characteristic results in an increase of 4 levels.

6.    As of the date of this letter, Jong H. Park has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jong H. Park's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Jong H. Park has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his  intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.   At sentencing, this Office will move for a further 1-point reduction in Jong H. Park's offense level pursuant to U.S.S.G. § 3E1.1(b) if the

following conditions are met:  (a) Jong H. Park enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jong H. Park's acceptance of responsibility has continued through the date of sentencing and Jong H. Park therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jong H. Park's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jong H. Park is 31 (the "agreed total Guidelines offense level").

9.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 31 is reasonable.

10.   Jong H. Park knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 9 -